UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENE STYLE LTD,<br><br>Plaintiff,<br><br>-v-<br><br>Y. CHROMA APPAREL INC., *et al.*,<br><br>Defendants. | 25 Civ. 4646 (PAE)<br><br><u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

On June 24, 2026, the Court set a firm trial date in this case, of October 26, 2026, and set a deadline for the submission of the joint pretrial order, and associated materials, of September 25, 2026. Dkt. 47. On September 18, 2026, the Court received a letter from defendants, stating that plaintiff, that morning, had unexpectedly furnished 7,800 pages of document discovery to the defense, Dkt. 48, nearly three months after the May 20, 2026 deadline the Court, in February, had set for the end of fact discovery, Dkt. 36. Defendants represent that plaintiff had previously produced only 79 pages of document discovery. Dkt. 48. Defendants seek preclusion of those documents and an emergency conference, given the imminent joint pretrial order deadline. *Id.* Plaintiff, while acknowledging the delinquent production, opposes this request. Dkt. 49.

The Court schedules a conference **for Wednesday, September 23, 2026, at 3 pm**, to take up the issues presented. The conference will be held in person in courtroom 1305 in the Thurgood Marshall United States Courthouse.

Plaintiff should bring to the conference (1) plaintiff's full prior document production; (2) plaintiff's September 18 document production; and (3) plaintiff's initial disclosures. Plaintiff should also be prepared to concretely identify – as would be set out in a joint pretrial order – the

witnesses that plaintiff would plan to call, and the documents that plaintiff would plan to offer, at trial, alternatively assuming that (1) the September 18 document production were permitted and (2) the September 18 document production were precluded. Defendants should bring to the conference a full set of the parties' discovery correspondence, including emails. Defendants should also be prepared to respond to plaintiff's representation that "Defendants have made **no** formal discovery production in this action," Dkt. 49 at 2 n.1, and to quantify and describe the documents the defense has produced, formally or otherwise.

The Court directs the parties to confer, in advance of the conference, and to attempt to resolve these issues while maintaining the trial date, to which counsel and the Court committed months ago. Counsel may wish to consider, for example, a resolution under which (1) plaintiff's counsel would be permitted to designate in the joint pretrial order, as exhibits at trial, a very small subset of the newly produced documents, all within the scope of plaintiff's initial disclosures; (2) defendants would be permitted, by the end of next week, to take up to 3 depositions of plaintiff, with the costs of the depositions to be shared by plaintiff and defendants, and with the depositions scheduled to prioritize defendants' convenience; and (3) the Court would defer for approximately two weeks the deadline for the joint pretrial order and associated materials.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: September 21, 2026
New York, New York