Foster Garvey

One Seaport Plaza
199 Water Street
Suite 901
New York, NY 10038

Main: 212.431.8700
Fax: 212.334.1278
foster.com

Direct Phone: 212.965.4526
alan.heller@foster.com

September 30, 2026

**Via ECF and Email**
**EngelmayerNYSDChambers@nysd.uscourts.gov**

Judge Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1305
New York, New York 10007

Re: *Gene Style Limited v. Y. Chroma Apparel, Inc., et. al.*
*(Case No. 1:25-cv-04646(PAE))*
*Letter Motion to Dismiss Action for Lack of Subject Matter Jurisdiction*

Dear Judge Engelmayer:

We are counsel to Defendant Y. Chroma Apparel, Inc. We write this Letter Motion to request that this Action be dismissed for Lack of Subject Matter Jurisdiction.

In Plaintiff's Complaint, Plaintiff alleges under its "Jurisdiction and Venue" paragraphs that this Court has jurisdiction over this dispute under 28 U.S.C. § 1332(a)(2) because the matter is between a citizen of a foreign state and citizens of a State. This is not correct. The individual defendant, Max Israel, is domiciled in Spain and Plaintiff, as alleged in paragraph 22 of the Complaint, is "a company organized under the laws of the United Kingdom, with its principal place of business in London." Accordingly, diversity jurisdiction does not exist in this case. *See Universal Licensing Corp. v. Paola Del Lungo S.P.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("diversity is lacking ... where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens).

Despite the lack of diversity, this Court still possessed subject matter jurisdiction of the claims in this Action pursuant to 28 U.S.C. § 1331 because Plaintiff asserted a "Seventh Claim" in its Complaint for alleged False Endorsement and Misleading Commercial Use (15 U.S.C. § 1125(a). Since this claim conferred this Court with federal question jurisdiction, the Court also had the right to adjudicate the six state law claims over which it had supplemental jurisdiction. However, as of late last night, this was no longer the case.

At 10:01 pm last night, I received an email from Plaintiff's counsel with a copy of Plaintiff's Proposed Joint Pretrial Order (a copy of which is annexed hereto as Exhibit A). In Part Three of the proposed order (see page 2, para. 4), counsel informed me, for the first time, that Plaintiff had not only withdrawn its Sixth Claim (which withdrawal was confirmed to Your Honor at last Wednesday's preclusion hearing), but Plaintiff was also withdrawing its Seventh Claim for alleged False Endorsement and Misleading Commercial Use (15 U.S.C. § 1125(a)). The upshot of Plaintiff's withdrawal of the sole link to this Court's original jurisdiction, is that the Court has now lost its supplemental jurisdiction over the remaining state law claims. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 44 (2025) ("[plaintiff's] deletion of all federal claims deprived the District Court of federal-question jurisdiction ... [a]nd once that was gone, the court's supplemental jurisdiction over the state claims dissolved too").

Accordingly, this Action must be dismissed, without prejudice; and, since this was precipitated by the withdrawal by the Plaintiff of the federal claim as opposed to a dismissal by the Court, the without prejudice dismissal is mandatory. *See Royal Canin, supra,* 604 U.S. at 32 ("when the plaintiff in an original case amends her complaint to withdraw the federal claims, leaving only state claims behind, she divests the federal court of adjudicatory power"); *see also Recoop LLC v. Outliers Inc.*, 2025 WL 3154467, *3 (S.D.N.Y. 2025) (distinguished *Royal Canin* when deciding to maintain supplemental jurisdiction of the state law claims because "Recoop did not file an amended complaint in this case eliminating the federal claims or take any other action to withdraw them").

Thank you for your consideration.

Respectfully submitted,

Alan A. Heller (AH-7942)

cc: Plaintiff's counsel via ECF and email rhantman@hantmanlaw.com

The Court invites a reply from plaintiff by October 5, 2026. For avoidance of doubt, all deadlines remain as set, including the deadline for the joint pretrial order on October 2, 2026. Dkt. 51. Counsel should not assume that the Court will agree with defense counsel that dismissal of this case is obligatory.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Date: September 30, 2026
New York, New York

FG: 110685893.1